No. 3243

Second Circuit

CULPEPPER v. JORDAN

(November 18, 1929. Opinion and Decree.)

D. S. Scarborough, of Natchitoches, attorney for plaintiff, appellee.

Gunter & McClung, of Natchitoches, attorneys for defendant, appellant.

ODOM, J. On October 10, 1927, about 7:30 p. m., plaintiff was riding in his Buick automobile on the Natchitoches-Shreveport highway going towards Shreveport, and met defendant, driving a Ford car, going towards Natchitoches. The two cars collided, resulting in the wreck of each. Plaintiff sued for damages, alleging that the collision was due solely to the fault and negligence of defendant; that plaintiff was driving his car at a moderate rate of speed, about 15 miles an hour, and was on his extreme right hand side of the road; that defendant left his side of the road, driving his car over to the opposite side and ran into plaintiff's car.

The defendant, in answer, denied any negligence whatsoever on his part, but, on the contrary, alleged that the bright lights of plaintiff's car blinded him and that he turned his car over to his extreme right hand side of the road so that two of his wheels were over in the ditch, and that plaintiff, while running at a highly excessive rate of speed, left his own side of the road and struck defendant's car while partly in the ditch, dragging his Ford some 20 or 25 feet back towards Shreveport.

The district judge found for plaintiff and rendered judgment in his favor against defendant from which judgment defendant has appealed.

The only question presented is one of fact. The testimony of the plaintiff and that of defendant is as conflicting as could possibly be. Plaintiff testified, in support of his allegations that he was driving cautiously over on his extreme right hand side of the road and that defendant ran into him on that side of the road. The defendant, on the contrary, testified that plaintiff's car ran into his while it was on the extreme right hand side of the road going towards Natchitoches, with its right wheels over in the ditch. The plaintiff and defendant were the only persons who witnessed the accident. In view of their conflicting statements, the case must necessarily turn on the physical facts.

A careful reading of the testimony of other witnesses who arrived at the scene of the accident a few minutes after the collision, makes it perfectly clear that the collision took place over on plaintiff's side of the road.

Luke Mondello, Willie Dixon, A. D. Etheredge and Tom Hart each visited the scene immediately after the accident. Luke Mondello and Willie Dixon testified that when they reached the place, plaintiff's car was in the road over on the right hand side, going to Shreveport, within about two feet of the ditch and that the defendant's car was "tied into it" with the radiator of the Ford upon the running-board of the Buick; that the Buick car was sitting parallel with the road and that the Ford was almost at right angles with the Buick. In order that traffic might not be hindered, these two, with the help of others, pulled the two cars apart and set the Ford back on its side of the road. Mr. Hart, a Deputy Sheriff, testified that he got there about 8 o'clock, after the two cars had been pulled apart, and that plaintiff's car was standing "up and down the road as nicely as if it had been parked there."

The testimony shows that the Buick car had not been moved and shows beyond question, we think, that when struck, it was

over on its side of the road. The defendant testified that when his car was hit, it was standing still, partly in the ditch, and that it was dragged back up the road some 15 or 20 feet. If this were true, we take it that there would be some physical evidence of the dragging or skidding in the road. While there were quite a number of witnesses who visited the scene immediately after the collision, not one of them discovered any skid marks or evidence of dragging, although some of them examined the road carefully with a flash-light. Several witnesses visited the place on the following day, but none saw any evidence of skidding or dragging. The testimony further shows that near the center of the road there was glass found, and, while there is some testimony that some of the glass was found over on defendant's side of the road, the preponderance of the testimony is that practically all of it was near the center of the road.

Some of the witnesses visited the scene on the following day and found car tracks over in the ditch on defendant's side of the road, but they were not able to say, of course, whether those tracks were made by defendant's car.

There is no way to reconcile the undisputed physical facts in this case with the version of the collision as given by defendant. It is inconceivable that plaintiff's car could have struck defendant's over on the wrong side of the road and dragged it back, without having left evidence thereof in the road, and it is highly improbable that plaintiff's car could have been left standing in the road, as it was, if it had crossed over from defendant's side, dragging defendant's Ford car, as testified to by defendant.

The testimony satisfies us that the collision was due to the fault and negligence of the defendant.

For the reasons assigned, it is ordered and decreed that the judgment appealed from be affirmed; with costs in both courts.